```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
RBS CITIZENS, N.A.,           :
          Plaintiff,          :
                              :
v.                            :
                              :
JORGE PORTUGAL,               :
          Defendant.          :
                              :
------------------------------x
                              :   Civil Action No.
JORGE PORTUGAL,               :   3:10 CV 1306 (AWT)
          Counter-Plaintiff,  :
                              :
v.                            :
                              :
RBS SECURITIES, INC.;         :
CITIZENS FINANCIAL GROUP;     :
RBS CITIZENS, N.A.; and       :
ROYAL BANK OF SCOTLAND        :
GROUP, PLC,                   :
          Counter-Defendants. :
                              :
------------------------------x
```

**RULING RE MOTION TO DISMISS**
**THIRD PARTY COMPLAINT AND COUNTERCLAIMS**

The plaintiff and counterclaim defendant, RBS Citizens N.A., and third party defendants RBS Securities, Inc., Citizens Financial Group, RBS Citizens, N.A., and Royal Bank of Scotland Group, PLC (collectively, "RBS Group") move to dismiss the counterclaim and third party complaint filed against them by defendant and third party plaintiff Jorge Portugal ("Portugal"). RBS Group moves under Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6), and argues in the alternative pursuant to Fed. R. Civ.

1

P. 12(e) and 10(b) that Portugal should be required to replead his claims.  Portugal argues that the motion to dismiss should not be granted and has filed a motion in the alternative, pursuant to Fed. R. Civ. P. 21, to drop third party defendant RBS Securities, Inc. as misjoined.

For the reasons discussed below, Portugal's motion is being denied, and Portugal's claims against RBS Group are being dismissed for lack of subject matter jurisdiction.

I. **FACTUAL ALLEGATIONS**

Portugal began working at Greenwich Capital Markets, a fixed income broker dealer, in the Spring of 1997.  Greenwich Capital Markets was purchased by Natwest, a British bank, in 1996.  In 2001, Greenwich Capital Markets became part of RBS Group.  In the fall of 2007 Greenwich Capital Markets became RBS Securities, Inc. ("RBS Securities").

While working for Greenwich Capital Markets, Portugal's salary was set at $100,000 per year and was supplemented by a bonus compensation plan based on performance and paid on a quarterly basis.  In the Fall of 2007, the compensation structure was changed so that employees would receive one annual bonus check in May of the following year based on the prior year's performance.

On March 9, 2009, Portugal was told that he would receive a bonus of $450,000 for his work in 2008 but that this money would

2

be paid under a deferral plan agreement.  The deferral plan agreement provided that the employee would receive one third of his bonus compensation plus notional interest on each of June 18, 2010, June 18, 2011, and June 18, 2012.  Portugal became concerned that he would be unable to support his family solely on his salary prior to receiving the first deferred payment.

In April 2009, RBS Securities employees were told that they could take out hardship loans which would be repaid out of their first payment under the deferral plan agreement.  Portugal applied for a hardship loan.  He signed a loan agreement with RBS Citizens N.A. and received the money in June 2009.  Despite receiving the hardship loan, Portugal continued to experience financial difficulties.  The combination of these financial difficulties and conflict at work resulted in Portugal becoming depressed.

In December 2009, Portugal told his supervisors that he might need to resign for health reasons.  His supervisors told him that he should not leave because he could receive a bonus of as much as $1,000,000 in 2010 based on his performance in 2009.

The deferral plan agreement provided that payments would be made to former employees who qualified as "good leavers" at the time they left.  One way to qualify as a "good leaver" was to leave for health reasons.  However, to qualify as a "good leaver" on this basis a former employee had to provide medical

3

documentation and receive approval from the employer.

Portugal left RBS Securities in December 2009. He provided RBS Securities with medical documentation but never received a response as to whether he qualified for deferred compensation under the good leaver provision.

On June 18, 2010, Portugal did not receive a deferred payment. He was unable to repay the hardship loan he had obtained in April 2009, and RBS Citizens N.A. filed this action against Portugal seeking repayment of the hardship loan.

Portugal has countersued and brought a third party complaint against RBS Group for breach of contract by failing to make the deferral plan payments and the payment of the $1,000,000 bonus, for unjust enrichment, for violation of the Connecticut Wage Act, and for breach of the implied covenant of good faith and fair dealing.

**II. LEGAL STANDARD**

"[T]he standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical." Moore v. PaineWebber Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide

4

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990)

5

(citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**III. DISCUSSION**

**A. Portugal's Motion to Drop RBS Securities**

As discussed below, the court does not have diversity jurisdiction because RBS Securities and Portugal are both citizens of Connecticut. Anticipating this conclusion, Portugal moved to drop RBS Securities under Fed. R. Civ. P. 21 and thereby preserve diversity jurisdiction. However, the motion to drop RBS Securities should not be granted because RBS Securities is an indispensable party under Fed. R. Civ. P. 19. Thus, even were the court to grant Portugal's motion, his claims should then be dismissed under Rule 19.

"Fed. R. Civ. P. 19 sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." Viacom Intern., Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000). First, the court must determine whether the party is necessary. Id. If the party is necessary, the court must determine whether the party is

6

indispensable. Id. at 725. A party is necessary when

> (1) in the [party]'s absence complete relief cannot be accorded among [the other parties], or (2) the [party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in the [party]'s absence may (I) as a practical matter impair or impede the [party]'s ability to protect that interest or (ii) leave any of the [parties] . . . subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Id. at 724. In determining whether a party is indispensable under Rule 19(b), the court considers

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Viacom Intern., Inc. v. Kearney, 212 F.3d 721, 725 (2d Cir. 2000) (quoting Fed. R. Civ. P. 19(b)).

RBS Securities is a necessary and indispensable party to Portugal's counterclaim and third party complaint. Each of Portugal's claims arises out of his employment relationship with RBS Securities, and adjudication of Portugal's claims will necessarily require a finder of fact to make determinations regarding the conditions of Portugal's employment by RBS Securities. RBS Securities has an interest in defending against the allegations contained in the counterclaim and third party

7

complaint that pertain to that employment relationship.  Also, dismissal of RBS Securities leaves other parties subject to a substantial risk of incurring multiple or otherwise inconsistent obligations.  For instance, were Portugal to obtain a judgment against the remaining members of RBS Group based on claims arising out of his employment he could then pursue similar and duplicative claims against RBS Securities, his former employer.  This would inevitably prejudice RBS Group as a whole.  If the court attempted to avoid this result by crafting a judgment to avoid prejudicing RBS Group it would be unable to provide Portugal with adequate and complete relief.  Furthermore, Portugal can pursue his claims in state court, where he has access to adequate remedies.

Portugal argues that RBS Securities is a dispensable party because it should be considered a single employer with Royal Bank of Scotland Group, PLC.  The single employer doctrine allows "an employee in certain circumstances to assert employer liability against an entity that is not formally his or her employer." Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 197 (2d Cir. 2005).  Various iterations of this doctrine have been "used in numerous contexts, such as union representation, responsibility for violations of the Fair Labor Standards Act, and . . . Title VII liability."  Id.

> To date, there has not been a Connecticut state case utilizing the single employer test in an action for

>unpaid wages or unjust enrichment. Following the logic of the courts that have considered, and rejected, the single employer test outside the context of employment discrimination and collective bargaining suits, the plaintiff's reliance on the single employer test in support of his unpaid wages and unjust enrichment claims is misplaced and inapplicable.

Cooper v. Pitney Bowes, Inc., 917 A.2d 1069, 1071 (Conn. Super. 2007). Because under Connecticut law the single employer doctrine cannot be used by Portugal to assert employer liability against Royal Bank of Scotland Group, PLC, RBS Securities is an indispensable party.

## B. Motion to Dismiss

RBS Group argues that the third party complaint must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Portugal contends that the court has both diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. For the reasons discussed below, the motion to dismiss is being granted.

### 1. Diversity Jurisdiction

Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332(a), and there is "complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the

9

State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Portugal, the third party plaintiff, is a citizen of the state of Connecticut. Third party defendant RBS Securities is a Delaware corporation with a principal place of business in Connecticut. Therefore, the requirement of complete diversity of citizenship is not satisfied.

Portugal cites Freeport-McMoRan Inc. v. K.N. Energy, Inc. for the principle that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." 498 U.S. 426, 428-29 (1991). This principle would prevent the court from dismissing the claim by RBS Citizens, N.A. against Portugal for lack of diversity. However, it does not provide the court with a basis for jurisdiction over Portugal's third party complaint.

### 2. Supplemental Jurisdiction

"Since diversity is lacking, the Court has no independent basis for jurisdiction of these claims beyond its authority to consider them pursuant to supplemental jurisdiction." Rabb v. Jessica Assocs., No. 93 CIV. 8565 (RPP), 1995 WL 441964 at *1 (S.D.N.Y. July 26, 1995); see also Azevedo v. Club Getaway, Inc., Civil Action No. 3:06-cv-1222 (VLB), 2008 WL 350479 at *1 (D. Conn. Feb. 7, 2008) (where there is "neither federal question nor diversity jurisdiction over the third party complaint [t]he third

party complaint must be dismissed unless the court can exercise supplemental jurisdiction."). "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[D]isputes are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'" Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (quoting Promisel v. First Am. Artificial Flowers Inc., 943 F.2d 251, 254 (2d Cir. 1991)). "The district courts may decline to exercise supplemental jurisdiction . . . if . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. §1367(c).

Here, the underlying claim is one by RBS Citizens, N.A. against Portugal seeking repayment of a loan it made to him. Portugal's claims against RBS Group, however, are all related to his claim for compensation he contends he is owed for work he performed while employed by RBS Securities. However, assuming, arguendo, that Portugal's employment claims are so related as to form the same case or controversy, they threaten to predominate over the claims over which the court has original jurisdiction.

11

"The decision to decline supplemental jurisdiction should be guided by an assessment of 'judicial economy, convenience, fairness and comity.'" Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 162 (S.D.N.Y. 2008).

In AT&T Corp. v. New York City Health and Hosp. Corp., the court declined to exercise supplemental jurisdiction where the counterclaim was "infinitely more complex" than the underlying claim. 72 F. Supp. 2d 398, 400 (S.D.N.Y. 1999). There the underlying claim asserted was for payment of long distance bills. Records showed that the calls were made, non-payment was conceded, and the case could presumably be resolved on summary judgment. Therefore, the court concluded that the underlying case was "simplicity itself." Id. The counterclaim, however, involved "consideration of the contract for installation of a $3 million telecommunications system in a New York City hospital and the standards of care that govern the design and installation of such equipment." Id.

As in AT&T Corp., the underlying claim in this case is simplicity itself. There is no question as to whether Citizens Bank, N.A. made a hardship loan to Portugal. There is no question that Portugal signed the loan documents and that repayment was due June 18, 2010. Portugal does not contend that he repaid the loan, and he asserts no claim this his obligation to repay the loan was contingent upon how some issue raised in

the counterclaim or third party complaint is resolved. On the other hand, the counterclaim and third party complaint require analysis of Portugal's employment relationship, contract interpretation, and whether there was a third party contract. Furthermore, most of the evidence that must be considered with respect to the counterclaim and third party complaint need not be considered to resolve the underlying claim. Finally, the plaintiff brings a claim for a principal amount of $72,000 whereas Portugal brings claims seeking to recover a principal amount of approximately $1.5 million. See AT&T Corp., 72 F. Supp. 2d at 399-400 (declining supplemental jurisdiction where underlying claim was for $27,000 and the third party complaint implicated a $3 million contract). Because the counterclaim and third party complaint substantially predominate over the original claim, the court declines to exercise supplemental jurisdiction and the counterclaim and third party complaint are being dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**IV. CONCLUSION**

For the reasons set forth above, (1) "Defendant's Alternative Motion for Misjoinder Pursuant to Fed. R. Civ. P. Rule 21" (Doc. No. 50) is hereby **DENIED,** and (2) the RBS Group's Motion to Dismiss the Third Party Complaint and Counterclaims (Doc. No. 36) is hereby **GRANTED.**

13

It is so ordered.

Signed this 14th day of September, 2011 at Hartford, Connecticut.

> /s/AWT
> Alvin W. Thompson
> United States District Judge